**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| ANTONIO ROBERTO MAXIMO LOPEZ, | |
| Plaintiff, | Civil No. 23-6 (JRT/DLM) |
| v. | |
| AMAZON.COM SERVICES, LLC, | **MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR DEFAULT JUDGMENT** |
| Defendant. | |

Antonio Roberto Maximo Lopez, 461 Dakota Street South, Apartment 1, Shakopee, MN 55379, *pro se* plaintiff.

Emily A. McNee, **LITTLER MENDELSON, PC**, 80 South Eighth Street, Suite 1300, Minneapolis, MN 55402, for defendant.

Plaintiff Antonio Robert Maximo Lopez is a former employee of Defendant Amazon.com Services LLC ("Amazon"). Maximo Lopez claims to have been the victim of workplace harassment, discrimination, and retaliation, due to his anxiety and ear sensitivity. Because Maximo Lopez did not exhaust his retaliation claim with the EEOC, and because he has not properly alleged a disability under the Americans with Disabilities Act, the Court will dismiss his claims. Additionally, the Court finds that Maximo Lopez has not plausibly pled his claims because his complaint lacked the necessary level of detail to properly state a claim.

**BACKGROUND**

I.    **FACTS**

Plaintiff Antonio Roberto Maximo Lopez worked for Defendant Amazon.com Services LLC ("Amazon") from November 2020 through November 18, 2021, and then again from January 2022 to February 3, 2022. (Compl. at 4, Jan. 3, 2023, Docket No. 1-1.) Maximo Lopez first worked at the Amazon facility in Shakopee, and in an unspecified second facility for the brief period in 2022. (*Id.*) Maximo Lopez alleges that throughout his employment at Amazon, he was subjected to a hostile work environment by Amazon staff, including human resources, managers, supervisors, leads, regulars and part-time trainers, security, and truck drivers. (*Id.*) Specifically, he asserts that they "shouted and had outbursts" in his face or directed towards him, and that "hateful tones were used." (*Id.*) The Complaint adds that, "mocks and putdowns were also excessively and pervasively used from repetitive demoralizing words, to misdirection of work, interfering with work, and constant gibberish and disruptive behavior." (*Id.*) Maximo Lopez also alleges that devices like "scan guns" were used to facilitate a hostile environment, and that laptops and phones of employees were frequently checked prior to shouting. (*Id.*) He also claims that speakers were also used to facilitate the harassment. (*Id.*)

Maximo Lopez asserts that this conduct occurred for 3–4 months, and on a daily or every other day basis. (*Id.* at 5.) He alleges that the conduct continued even after he complained to human resources, supervisors, and management. (*Id.*) Maximo Lopez claims he was constructively discharged because of Amazon's conduct. (*Id.*)

Maximo Lopez states that he notified human resources, management, and supervisors of his anxiety and ear sensitivity, but that the shouting continued at both facilities.  (*Id.*)  He also informed human resources that "simple respectful manners" would suffice as accommodations.  (*Id.*)

Maximo Lopez filed a charge of discrimination with the EEOC on November 4, 2022.  (*See* Decl. of Emily A. McNee, Ex. A ("EEOC Charge"), Jan. 10, 2023, Docket No. 7-1.)  Maximo Lopez explained his charge to the EEOC as follows,

> I. I was initially hired by the above-named respondent in or around November 2020.  I have a disability the respondent is aware of.  I believe the respondent subjected me to different treatment when I was held to different standards than employees outside my protected class and was harassed.  I was constructively discharged from employment within the relevant period.
>
> II. I believe I have been discriminated against on the basis of my disability in violation of and [sic] the Americans with Disabilities Act of 1990, as amended.

(*Id.*)

## II.    PROCEDURAL HISTORY

Maximo Lopez filed a lawsuit in state court on November 14, 2022, claiming discrimination, hostile work environment, and retaliation under the Americans with Disabilities Act ("ADA").  (*Id.* at 6.)  Amazon removed to federal court on January 3, 2023. (Notice of Removal, Jan 3, 2023, Docket No. 1.)  Subsequently, Amazon moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that Maximo Lopez failed to exhaust his claims and does not plausibly allege

enough facts for relief under the ADA.  (*See generally* Mot. Dismiss, Jan. 10, 2023, Docket No. 4; Mem. Supp. Mot. Dismiss, Jan. 10, 2023, Docket No. 6.)  On January 27, 2023, Maximo Lopez filed a Motion for Entry of Default because Amazon never answered his Complaint.  (Mot. Entry of Default, Jan. 27, 2023, Docket No. 12.)

**DISCUSSION**

**I.   STANDARD OF REVIEW**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the Complaint as true to determine if the Complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court construes the Complaint in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.  *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  In other words, a Complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  At the motion to dismiss stage, the Court may consider the allegations in the Complaint as well as "those materials that are necessarily embraced by the pleadings*." Schriener v. Quicken Loans, Inc.*, 774

F.3d 442, 444 (8ᵗʰ Cir. 2014).  The Court may also consider matters of public record and exhibits attached to the pleadings, as long as those documents do not conflict with the Complaint.  *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8ᵗʰ Cir. 1999).  A document filed by a pro se litigant is to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, "pro se litigants are not excused from failing to comply with substantive or procedural law."  *Burgs v. Sissel*, 745 F.2d 526, 528 (8ᵗʰ Cir. 1984).

## II.    ANALYSIS

### A.  Retaliation

To bring any claims under the ADA, an employee must first exhaust their administrative remedies by filing a charge against their employer with the Equal Employment Opportunity Commission ("EEOC").  *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 919 (8ᵗʰ Cir. 2018); 42 U.S.C. §§ 12117(a), 2000e–5(e)(1). The employee must also present each claim that it plans pursue.  *See Weatherly v. Ford Motor Co.*, 994 F.3d 940, 944 (8ᵗʰ Cir. 2021).  However, the Court may consider those claims that were not formally raised in the administrative action but are "like or reasonably related" to the administrative charges that were timely brought.  *Id.*  Whether a claim is "like or reasonably related" to properly exhausted claims requires that each incident of discrimination or retaliation "be individually addressed before the EEOC."  *Id.* at 944–45 (quoting *Sellers v. Deere & Co.*, 791 F.3d 938, 943 (8ᵗʰ Cir. 2015)).  "The key is

that the scope of a judicial complaint can be no broader than the scope of the EEOC

investigation that could reasonably be expected to grow out of the charge in the EEOC

complaint." *Id.* at 945 (internal quotations and citation omitted).

In this case, Maximo Lopez did not exhaust the retaliation claim.  Though Maximo

Lopez alleged in his Complaint that the harassment continued after he reported it to

human resources, that was not included in his EEOC charge.[1] (*See* EEOC Charge.)  Maximo

Lopez did not allege in the EEOC charge that the discrimination and harassment began or

worsened after he engaged in some form of protected activity such as requesting

accommodation for his disability.  Therefore, Maximo Lopez has not exhausted his

retaliation claim and the court will dismiss it without prejudice. [2]

### B.  Disability Under the ADA

Maximo Lopez's remaining claims for discrimination and hostile work environment

under the ADA fail because he does not plausibly plead a disability.  The ADA defines the

term "disability" as "a physical or mental impairment that substantially limits one or more

major life activities of [an] individual." 42 U.S.C. § 12102(1).

---

[1] Although the Complaint did not include the EEOC charge, the Court finds that it is necessarily embraced by the Complaint.  (*See* Compl. at 5 ("shouting or harassment directed towards me or within my vicinity followed after or immediately after making a **Complaint** or defending myself, or while filing a report with HR") (emphasis added).)

[2] Dismissal without prejudice means that the plaintiff is not barred from refiling his lawsuit and bringing this claim again after he exhausts his administrative remedies with the EEOC.

To establish that a condition is substantially limiting, the plaintiff must demonstrate that they are "significantly restricted as to the condition, manner or duration under which [they] can perform a particular major life activity, as compared to the average person." *Kirkeberg v. Canadian Pacific Ry.*, 619 F.3d 898, 903 (8th Cir. 2010) (citing 29 C.F.R. § 1630.2(j)(1)(ii)) (internal quotations omitted). Furthermore, "[t]his standard requires [the plaintiff] to show more than a 'mere difference' between [their] performance and that of the average individual." *Id.* (citing *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 565 (1999)). A diagnosis alone is typically not enough to show how a person is limited, so the plaintiff must present evidence showing the degree to which they personally are limited by their condition. *Id.*

Maximo Lopez claims that he has "anxiety and ear sensitivity," but even if he had provided a formal diagnosis of these conditions, that alone is not enough to establish that they are substantially limiting. *See Kirkeberg*, 619 F.3d at 903. Maximo Lopez argues that the fact that he requested the accommodation of "respectful manners" shows that his impairments were not minor. (*See* Pl.'s Mem. Opp. Mot. Dismiss at 2, Feb. 1, 2023, Docket No. 19-1.) But he must do more than allege that the disability is severe, and the Complaint does not explain at all how these conditions limit one or more major life activities—much less substantially.

Without establishing that he has a disability under the ADA, Maximo Lopez cannot make a prima facie case of either discrimination or hostile work environment under the ADA and the Court will therefore dismiss his claims without prejudice.

### C. Failure to State a Claim

Even assuming that Maximo Lopez has a disability under the ADA, he fails to plausibly state a claim for relief on either his hostile work environment or discrimination claims because the Complaint lacks the necessary details.

To properly allege a hostile work environment claim under the ADA, a plaintiff must allege (1) that they are a member of the class of people protected by the statute; (2) that they were subject to unwelcome harassment; and (3) that the harassment was severe enough to affect the terms, conditions, or privileges of their employment. *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 921–22 (8th Cir. 2018). The challenge for the Court lies in distinguishing between "harassment and merely unpleasant conduct." *Hathaway v. Runyon*, 132 F.3d 1214, 1221 (8th Cir. 1997). Courts must consider the totality of circumstances when determining whether the threshold to illegality has been crossed, including "the frequency of the conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it reasonably interferes with the employee's performance." *Schwarzkopf v. Brunswick Corp.*, 833 F. Supp. 2d 1106, 1117 (D. Minn. 2011) (internal quotations and citations omitted). Conduct that is merely rude, abrasive, unkind, or insensitive does not come within the scope of the law. *Shaver v. Indep. Stave Co.*, 350 F.3d 716, 721 (8th Cir. 2003).

To allege discrimination under the ADA, a plaintiff must properly plead that (1) they belong to a protected group, (2) they are qualified for the job, and (3) they suffered an adverse employment action because of their disability.  *E.E.O.C. v. Prod. Fabricators, Inc.*, 763 F.3d 963, 969 (8th Cir. 2014).  Typically, in a disparate treatment case, a plaintiff must make a showing that they were treated differently than similarly situated employees.  *See e.g.*, *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013).

In this case, Maximo Lopez fails to provide the level of detail that would apprise the Defendants of the incidents that are giving rise to his claim.  There are no details on who made which gestures to Maximo Lopez and when they happened.  Merely asserting that the conduct was pervasive and by many individuals is not sufficient to withstand a motion to dismiss.  Furthermore, although Maximo Lopez has plainly detailed unpleasant conduct—outbursts, yelling, mocking, and hateful tones—these without more do not rise to a hostile work environment under the ADA.  *See e.g., Shaver* 350 F.3d at 722–23 (finding that routine name calling over a two-year period was insufficiently severe or pervasive to establish a hostile work environment).

Finally, Maximo Lopez does not allege how others were treated differently than him.  Although Maximo Lopez states that "it is common knowledge most in a workplace or average day of life do not get shouted in their 'face' or 'ear' or 'at very close proximity,'" that does not allege with specificity that other Amazon employees were treated differently.  (Pl.'s Mem. Opp. Mot. Dismiss at 4).  Maximo Lopez must provide details that

allow the Court to plausibly infer that he was being targeted and that not all employees faced similar treatment.

## III.   MOTION FOR DEFAULT

In order to obtain a default judgment, the plaintiff must request an entry of default under Rule 55 of the Federal Rules of Civil Procedures.  *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").  Maximo Lopez claims that Amazon failed to answer his Complaint as required by Federal Rule of Civil Procedure 12(a)(1)(A).  However, Amazon is not in default in this case.

Amazon removed this action to federal court on January 3, 2023, which was timely under 18 U.S.C. § 1446(b) (giving defendants 30 days after the receipt of service to file for removal).  Amazon then had 7 days after removal to answer the Complaint or move to dismiss. Fed. R. Civ. P. 81(c)(2)(C).  Amazon filed a Motion to Dismiss on January 10, 2023. (Mot. Dismiss.)  Therefore, Amazon is not in default and the Court will deny the Motion for Entry of Default.

## CONCLUSION

Because Maximo Lopez did not exhaust his retaliation claim, did not establish he has a disability under the ADA, and fails to state a plausible claim for relief, the Court will grant the Motion to Dismiss without prejudice.  Further, the Court concludes that Amazon is not in default and will deny the Motion for Entry of Default.

-10-

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED that:**

1. Defendant's Motion to Dismiss [Docket No. 4] is **GRANTED**;

2. Plaintiff's Motion for Entry of Default [Docket No. 12] is **DENIED**; and

3. The case is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  June 27, 2023
at Minneapolis, Minnesota.

                                    JOHN R. TUNHEIM
                              United States District Judge