UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ANTONIO ROBERTO MAXIMO LOPEZ, | |
| Plaintiff, | Civil No. 23-6 (JRT/DLM) |
| v. | |
| AMAZON.COM SERVICES, LLC, | **MEMORANDUM OPINION AND ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| Defendant. | |

---

Antonio Roberto Maximo Lopez, 461 Dakota Street South, Apartment 1, Shakopee, MN 55379, *pro se* plaintiff.

Emily A. McNee, **LITTLER MENDELSON, PC**, 80 South Eighth Street, Suite 1300, Minneapolis, MN 55402, for defendant.

Plaintiff Antonio Roberto Maximo Lopez worked for Defendant Amazon.com Services LLC ("Amazon") from November 2020 through November 18, 2021, and then again from January 2022 to February 3, 2022. (Compl. at 4, Jan. 3, 2023, Docket No. 1-1.) Maximo Lopez alleges that throughout his employment at Amazon, he was subjected to a hostile work environment by Amazon staff, including human resources, managers, supervisors, leads, regulars and part-time trainers, security, and truck drivers. (*Id.*)

The Court previously dismissed Maximo Lopez's case because he did not exhaust his retaliation claim with the EEOC, because he did not properly allege a disability under the Americans with Disabilities Act, and because the Complaint lacked the necessary

details to sufficiently plead his claims. (Mem. Op. Order Granting Mot. Dismiss Den. Mot. Default J. at 5–10, June 27, 2023, Docket No. 27.) Maximo Lopez appealed the Court's decision to the Eighth Circuit and has applied to proceed In Forma Pauperis ("IFP"). (Notice of Appeal, July 28, 2023, Docket No. 29; Mot. and Aff. for Permission to Appeal In Forma Pauperis ("IFP Appl."), July 28, 2023, Docket No. 30.)

A party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court and attach an affidavit that (1) "shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs"; (2) "claims an entitlement to redress"; and (3) "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1); *see also* 28 U.S.C. § 1915(a)(1) (requiring the same). Even if a party is indigent, a court may not grant IFP status if the party's appeal is "not taken in good faith." 28 U.S.C. § 1915(a)(3).

Here, the Court finds that Maximo Lopez primarily runs afoul of Rule 24's third requirement: he fails to state the issues he intends to present on appeal, and instead only notes that his issue on appeal is "Defendant's Motion to Dismiss." (IFP Appl. at 1; IFP Appl., Addendum, July 28, 2023, Docket No. 30-1.)

The Court takes seriously its duty to liberally construe Maximo Lopez's *pro se* filings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (stating that a pro se complaint must be held to less stringent standards). However, "pro se litigants are not excused from failing to comply with substantive or procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528

-3-

(8th Cir. 1984).  Without an explanation of the issues to be appealed, the Court is unable to determine whether the appeal is taken in good faith, as required by statute.  28 U.S.C. § 1915(a)(3).

The Court notes that the earlier dismissal of Maximo Lopez's Complaint was without prejudice, meaning that he may bring his claims again with the requisite details and if he pays the required filing fee.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED that** Plaintiff's Application to Proceed In Forma Pauperis on Appeal [Docket No. 30] is **DENIED**.

DATED:  August 4, 2023
at Minneapolis, Minnesota.

　　　　　　　　　　　　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge